Ronald **FOSTER,** Plaintiff–Appellant,

v.

**NOYCE, Correctional Officer; et al., Defendants–Appellees.**

No. 09–16314.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 10, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Ronald Foster, Susanville, CA, pro se.

Megan R. O'Carroll, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM ***

California state prisoner Ronald Foster appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants deprived him of an adequate number of daily meals. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.

The district court properly granted summary judgment on Foster's Eighth Amendment claim because Foster failed to raise a genuine issue of material fact as to whether the food he received was inadequate to maintain his health. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993)

("The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health....").

The district court properly dismissed Foster's due process claim because it was correctly construed as an Eighth Amendment claim. *See Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (where a particular Amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims").

Foster's remaining contentions are unpersuasive.

**AFFIRMED.**

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.